**Opinion filed January 15, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00313-CR

_____

## ESPERANZA ESQUIVEL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR39984**

## M E M O R A N D U M   O P I N I O N

After a bench trial, the trial court convicted Esperanza Esquivel of driving while intoxicated while a child passenger was in the vehicle. *See* TEX. PENAL CODE ANN. § 49.045 (West 2011). The trial court assessed punishment at confinement for one year in the State Jail Division of the Texas Department of

Criminal Justice. In one issue on appeal, Appellant argues that the trial court erred in denying her motion to suppress because the investigating officer lacked reasonable suspicion to justify his initial stop of Appellant. We affirm.

*Background Facts*

Appellant filed a pretrial motion to suppress the evidence arising from her arrest. On appeal, she contends that the arresting officer lacked reasonable suspicion to stop her vehicle. Officer Stephen Truex of the Midland Police Department testified at the suppression hearing that he was dispatched at 2:00 a.m. on May 8, 2012, to a "robbery call." He arrived at 3210 Whittle Way to talk to the complainant, who told Officer Truex about a possible "disturbance/robbery" coming from the parking lot of the Bradford Apartments. The Bradford Apartments were located behind the complainant's home. Officer Truex testified that he was familiar with the Bradford Apartments because he was the courtesy officer for the property and visited the property every night.

There was an alley located behind 3210 Whittle Way that was used by tenants of the Bradford Apartments. A minute after entering the alley, Officer Truex heard tires spinning. He then saw a maroon "Chevy" pickup; the driver of that pickup twice attempted to jump a curb in an effort to quickly leave the parking lot of the Bradford Apartments. Officer Truex stated that the maroon pickup was the only vehicle in the parking lot or alley. He observed that the driver was eventually able to jump over the curb. Officer Truex testified that the driver of the pickup turned westward and began driving toward him. He flashed his flashlight several times to stop the vehicle. As Officer Truex approached Appellant's vehicle, he had his flashlight and his weapon in his hands. At the suppression hearing, when asked why he stopped Appellant's vehicle, Officer Truex replied, "Just because of time of day, we just had a robbery in

progress, a vehicle was leaving a parking lot that was unusual like something had just happened, like they were trying to leave in a hurry."

After Officer Truex approached Appellant's vehicle, he learned from Appellant that she was involved in an argument with her ex-boyfriend, her sister, and her husband. Appellant had her two young children, ages eight and eleven, with her in the vehicle. Officer Truex then noticed that Appellant had "[s]lurred speech, bloodshot eyes, and the odor of alcohol." Officer Truex testified that Appellant admitted she was intoxicated. Officer Truex subsequently conducted field sobriety tests to determine whether Appellant was able to drive. He concluded that Appellant was intoxicated due to alcohol. Officer Truex arrested Appellant for driving while intoxicated while a child passenger was in the vehicle. The trial court denied Appellant's motion to suppress without making explicit findings of fact or conclusions of law.

*Analysis*

A trial court's denial of a motion to suppress is reviewed for an abuse of discretion. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013). We review a trial court's ruling under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Almost complete deference is given to its determination of historical facts, especially if those facts are based on an assessment of credibility and demeanor. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *Amador*, 221 S.W.3d at 673 (citing *Guzman*, 955 S.W.2d at 89). We review de novo a trial court's application of the law to the facts. *Wade v. State*, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013); *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). Regardless of whether the trial court granted or denied the motion, appellate courts view the evidence in the light most favorable to the ruling. *Wade*, 422 S.W.3d at 666; *State v. Woodard*, 341 S.W.3d 404, 410

(Tex. Crim. App. 2011). We will uphold the trial court's ruling if it is reasonably grounded in the record and correct on any theory of law applicable to the case. *Wade*, 422 S.W.3d at 667, *Valtierra*, 310 S.W.3d at 447–48. When the trial court does not issue findings of fact, we imply findings that support the trial court's ruling if the evidence supports those findings. *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006).

There are three distinct types of police-citizen interactions: (1) consensual encounters that do not implicate the Fourth Amendment; (2) investigative detentions that are Fourth Amendment seizures of limited duration and scope, which must be supported by reasonable suspicion of criminal activity; and (3) arrests that are reasonable only if supported by probable cause. *Wade*, 422 S.W.3d at 667; *Woodard*, 341 S.W.3d at 410–11 (citing *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Terry v. Ohio*, 392 U.S. 1, 30–31 (1968); *Gerstein v. Pugh*, 420 U.S. 103, 111–12 (1975)). A detention occurs when a reasonable person, taking into account all circumstances, feels they are not at liberty to ignore the police and go about their business. *Kaupp v. Texas*, 538 U.S. 626, 629 (2003) (citing *Bostick*, 501 U.S. at 437). There is no dispute that Officer Truex detained Appellant when he stopped her vehicle and prohibited her from leaving the scene.

A police officer has reasonable suspicion for a detention if he has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Wade*, 422 S.W.3d at 667–68; *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). This is an objective standard that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. *Wade*, 422 S.W.3d at 668; *Derichsweiler*, 348 S.W.3d at 914. The standard also looks to the totality of the circumstances; individual circumstances

may seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified. *Wade*, 422 S.W.3d at 668; *Derichsweiler*, 348 S.W.3d at 914. The standard requires only "some minimal level of objective justification" for the stop. *Foster v. State*, 326 S.W.3d 609, 614 (Tex. Crim. App. 2010) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). Whether the facts known to the officer amount to reasonable suspicion is a mixed question of law and fact subject to de novo review. *State v. Mendoza*, 365 S.W.3d 666, 669–70 (Tex. Crim. App. 2012).

Appellant contends that the citizen-informant's complaint and Officer Truex's independent observations, under the totality of the circumstances, did not rise to the level of reasonable suspicion. We disagree. Officer Truex testified that he responded to a complainant's tip about a robbery in progress. The identity of the complainant was not known to Officer Truex. However, the complainant provided Officer Truex with the tip at the complainant's residence during a face-to-face meeting.

A citizen's tip may justify the initiation of a stop if the tip contains "sufficient indicia of reliability." *Arizpe v. State*, 308 S.W.3d 89, 92 (Tex. App.—San Antonio 2010, no pet.) (quoting *Florida v. J.L.*, 529 U.S. 266, 270 (2000)). Because the complainant's identity is unknown, the information provided to Officer Truex is considered an anonymous tip. We evaluate four factors in determining the reliability of an anonymous citizen's information: "(1) whether the informant provide[d] a detailed description of the wrongdoing; (2) whether the informant observed the wrongdoing firsthand; (3) whether the informant is somehow connected with the police (e.g.[,] a paid informant); and (4) whether the informant place[d] himself in a position to be held accountable for the report." *Id.* (citing *Pipkin v. State*, 114 S.W.3d 649, 655 (Tex. App.—Fort Worth 2003, no

pet.)). When determining an informant's reliability, courts distinguish between anonymous 911 callers and unidentified informants who give unsolicited information to officers in a face-to-face manner. *Id.* at 92–93. The face-to-face informant is inherently more reliable than the anonymous 911 caller because the face-to-face informant places himself in a position to be held responsible for his intervention. *Id.* at 93.

Appellant contends that the citizen-informant supplied an anonymous tip and that that tip must be adequately corroborated by the officer. Corroboration does not mean that Officer Truex must personally observe the conduct that caused him to reasonably suspect that a crime is being, has been, or is about to be committed. *Brother v. State*, 166 S.W.3d 255, 259 n.5 (Tex. Crim. App. 2005) (citing *Adams v. Williams*, 407 U.S. 143, 147 (1972)). "Rather, corroboration refers to whether the police officer, in light of the circumstances, confirms enough facts to reasonably conclude that the information given to him is reliable and a temporary detention is thus justified." *Id.* (citing *Alabama v. White*, 496 U.S. 325, 330–31 (1990)).

Officer Truex cited the time of night, the "robbery/disturbance" in progress, the hurried and unusual exit by Appellant from the parking lot, and the lack of other people in the area as reasons why he detained Appellant. Time of day is one factor in determining reasonable suspicion. *Foster*, 326 S.W.3d at 613 (citing *Curtis v. State*, 238 S.W.3d 376, 380–81 (Tex. Crim. App. 2007)). Location is also important in determining the totality of the circumstances. *Id.* at 613 & n.10. Appellant was stopped in the same area where a possible robbery in progress was just reported. As stated above, an officer's reasonable suspicion that a crime has occurred or will soon occur in the future is a permissible basis for a traffic stop. *Terry*, 392 U.S. at 22; *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Appellant also left the scene of a possible robbery in an expedited manner. A

video taken from the front dash of Officer Truex's patrol car was admitted into evidence. On that video, the sound of tires squealing can be heard moments prior to the time that Officer Truex encountered Appellant's vehicle. Based on the time of day, the proximity to a report of a possible robbery in progress by an informant in a face-to-face meeting with the police officer, and the hurried manner in which Appellant left the parking lot, we conclude that Officer Truex had reasonable suspicion to stop Appellant's vehicle. Based on the totality of the circumstances, we find that Officer Truex had reasonable suspicion to initiate the investigatory stop. Consequently, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

January 15, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.